1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEDCOR INDUSTRIES (USA) INC., a Washington corporation, | CASE NO. 09-CV-01807 RSM |
| Plaintiff, | ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION |
| v. | |
| VIRGINIA SURETY COMPANY, INC., a foreign corporation; et al., | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on Defendant's "Motion for Reconsideration of Order Denying Summary Judgment Re: Other Insurance." Dkt. # 185 (hereinafter, the "Motion for Reconsideration"). At the Court's direction, Plaintiff filed a response to the Motion for Reconsideration on January 17, 2012. Dkt. # 192. Having reviewed the Motion for Reconsideration and Plaintiff's response thereto, together with the other documents submitted in support thereof, the Court DENIES the Motion for Reconsideration.

# II. DISCUSSION

A.      Legal Standard

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored.  The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).  Here, Defendant does not present any new fact or legal authority that was unavailable at the time of the summary judgment briefing.  Accordingly, even though Defendant makes no claim that the Court committed "manifest error" in resolving the parties' respective motions, the Court analyzes the Motion for Reconsideration under the "manifest error" standard.  *Id.*

B.      Analysis

In its summary judgment briefing, Defendant took the position that it owed no defense or indemnity obligations to Plaintiff because, pursuant to the Policy's "other insurance" provision, Defendant's obligations arose only in the event that Plaintiff incurred losses exceeding the limits of a separate policy issued to it by American Home.  *See*, *e.g.*, Dkt. # 166 at 16-17.  Because Plaintiff did not claim damages exceeding the limits of the American Home policy, Defendant argued that it never became obligated to provide such excess insurance.  *Id.*

The Court rejected that argument.  Dkt. # 184 at 14.  Specifically, the Court noted that the American Home policy contained an "other insurance" provision that was substantially similar to the one contained in the Virginia Policy.  *Id.*  Accordingly, the Court concluded that the competing "other insurance" provisions were mutually repugnant and void as to each other under Washington law, and that the "other insurance" provision contained in the Virginia Policy

1   therefore did not operate to excuse Defendant's contractual obligations thereunder.  *Id*.

2   Defendant now asks the Court to reconsider that ruling.

3          At the outset, the Court notes that Defendant's Motion for Reconsideration merely

4   rehashes the same arguments already made and rejected by the Court on summary judgment.

5   The Motion for Reconsideration may be denied for this reason alone.  *See*, *e.g.*, *Russell v.*

6   *Comcast Corp.*, No. C08-309Z, 2009 U.S. Dist. LEXIS 31280 (W.D. Wash. Apr. 13. 2009)

7   ("Plaintiff's motion is denied because, for the most part it simply rehashes arguments already

8   made and rejected by the Court, and otherwise fails to establish that the Court committed a

9   manifest error of law or fact.") (*citing Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978)).

10          But even if Defendant had presented some new argument regarding the issue before the

11  Court, its Motion for Reconsideration still must be denied because Defendant has failed to

12  establish that the Court committed a manifest error of law or fact.  Indeed, both of the policies at

13  issue provide primary coverage by default and excess coverage over "any of the other insurance"

14  with respect to various enumerated causes.  *Compare* Dkt. # 149-1, Ex. A, pg. 3041 (Virginia

15  Policy) *with* Dkt. #151-1, Ex. 20, ¶ 9.  Although Defendant points out minor differences in the

16  structure and wording of the "other insurance" provisions contained in those policies, Dkt. # 185

17  at 4, it has done nothing to undermine the Court's conclusion that those provisions are

18  substantially similar.

19          Under Washington law, where two policies each contain an "other insurance" clause

20  purporting to make the policy excess over the other, those clauses are deemed void as "mutually

21  repugnant."  *Polygon Nw. Co. v. Am. Nat'l Fire Ins. Co.*, 143 Wn. App. 753, 777 (2008) (*citing*

22  *Pac. Indem. Co. v. Federated Am. Ins. Co.*, 76 Wn.2d 249, 251-52 (1969), *overruled on other*

23

24

1  *grounds by Mission Ins. Co. v. Allendale Mut. Ins. Co*., 95 Wn.2d 464 (1981)).  Such is the case

2  here.

3         Moreover, even if the "other insurance" provisions were not mutually repugnant,

4  Defendant would still be estopped from relying on its "other insurance" provision here.  "When

5  an insurer denies coverage for one reason, with knowledge of other reasons for denying

6  coverage, the insurer may be precluded from raising new grounds for denying coverage under

7  traditional principles of estoppel."  *Vision One, LLC v. Phila. Indem. Ins. Co*., 158 Wn. App. 91,

8  103 (Wash. Ct. App. 2010); *see also Bosko v. Pitts & Still, Inc*., 75 Wn.2d 856, 864 (1969).

9  Here, Defendant expressly denied coverage on basis of the progressive loss and fungus

10  exclusions, while reserving its right to deny coverage on the basis of the "damage to your work"

11  exclusion.  Dkt. # 72-2.  Although Defendant had knowledge of the American Home policy at

12  the time it issued the denial letter, *see*, *e.g.*, Dkt. # 141-1, Ex. 7, it never attempted to deny

13  coverage on the basis of the "other insurance" provision.  Dkt. # 72-2.  Indeed, Defendant raised

14  this argument for the first time in the context of the instant litigation.  Defendant's failure to

15  assert the "other insurance" provision in the denial letter precludes it from doing so here.  *Vision*

16  *One, LLC*, 158 Wn. App. at 103; *Bosko*, 75 Wn.2d at 864.

17                   **III. <u>CONCLUSION</u>**

18         For the foregoing reasons, the Motion for Reconsideration is DENIED.

19         Dated this 25th day of January 2012.

20

21

22                  RICARDO S. MARTINEZ
                UNITED STATES DISTRICT JUDGE

23

24