UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEDCOR INDUSTRIES (USA) INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIRGINIA SURETY COMPANY, INC., a foreign corporation; et al.,<br><br>Defendants. | CASE NO. 09-CV-01807 RSM<br><br>ORDER ON PLAINTIFF'S MOTION IN LIMINE |

This matter comes before the Court on Plaintiff Ledcor Industries (USA) Inc.'s motion in limine. Dkt. # 190. The Court has reviewed the motion and Defendant's response, Dkt. # 196, and all documents submitted in support thereof. As set forth below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.

A. Plaintiff's Motions in Liminie Nos. 1, 2

Plaintiff first moves to exclude any reference, evidence or argument regarding evidence that American Home and various sub-contractors reimbursed it for the $1,270,600 it paid to

settle the Underlying Litigation.  According to Plaintiff, the collateral source rule requires exclusion of any such evidence.  The Court disagrees.

"The collateral source rule is a corollary to the mitigation doctrine which operates to deny an offset where a person, injured by the tortfeasor, receives compensation for the same injury from a source independent of the tortfeasor." *Wheeler v. Catholic Archdiocese*, 124 Wn.2d 634, 640 (Wash. 1994).  The collateral source rule does not apply here because American Home and the various sub-contractors reimbursed Plaintiff in connection with construction defect claims asserted in the Underlying Litigation.  Although predicated upon the Underlying Litigation, the claims at issue here are distinct, both factually and legally, from those asserted in the Underlying Litigation.  In other words, the claims at issue in this case do not relate to the "same injury" for which Plaintiff was reimbursed in connection with the Underlying Litigation.

Indeed, Plaintiff here seeks to recover for Defendant's bad faith denial of coverage and breach of contract – not for the construction defects that were the subject of the Underlying Litigation.  Because the payments Plaintiff received from American Home and the various subcontractors did not compensate for the same injury caused by Defendant, the collateral source rule does not apply to those payments.  *Id*.

While Plaintiff is correct to point out that an insurer's bad faith conduct precludes it from denying coverage, *Mutual of Enumclaw Ins. Co. v. Dan Paulson Const., Inc.*, 161 Wn.2d 903, 920 (2007), the collateral source rule relates not to the issue of whether a particular loss is covered, but to the issue of damages.  Although the Court has already determined that Defendant acted in bad faith, and that Plaintiff's presumptive damages are $1,270,600 – i.e., the amount of the underlying settlement – Plaintiff is entitled to present evidence at trial rebutting those presumptive damages. *Safeco Ins. Co. v. Butler*, 118 Wn.2d 383, 394 (Wash. 1992) ("[T]he

1  insurer can rebut the presumption by showing by a preponderance of the evidence its acts did not

2  harm or prejudice the insured."). Accordingly, Plaintiff's motions in limine nos. 1-2 are

3  DENIED.

4     B.    Plaintiff's Motion in Limine No. 3

5  Plaintiff's motion in limine no. 3 is GRANTED. Neither party shall present any evidence

6  regarding their own or each others' respective financial conditions.

7     C.    Plaintiff's Motion in Limine No. 4

8  Plaintiff's motion in limine no. 4 is GRANTED.

9     D.    Plaintiff's Motion in Limine No. 5

10 Plaintiff's motion in limine no. 5 is GRANTED.

11    E.    Plaintiff's Motion in Limine No. 6

12 Plaintiff's motion in limine no. 6 is DENIED.

13    F.    Plaintiff's Motion in Limine No. 7

14 Plaintiff's motion in limine no. 7 is DENIED.

15    G.    Plaintiff's Motion in Limine No. 8

16 Plaintiff's eighth motion in limine seeks to preclude Defendant from relying upon the

17 report of its expert, Mr. Heinze. According to Plaintiff, the opinions expressed by Mr. Heinze in

18 the report are "conclusions of law and rank hearsay." Dkt. # 190 at 9-10. Plaintiff takes

19 particular issue with Mr. Heinze's conclusion that Defendant's handling and investigation of the

20 claims at issue did not constitute bad faith. *Id*. at 10. While an expert witness may testify that an

21 insurer deviated from industry standards on the issue of bad faith, he may not reach an actual

22 legal conclusion that the insurer did so. *Hangarter v. Provident Life & Accident Ins. Co*., 373

23 F.3d 998, 1016 (9th Cir. 2004). Accordingly, Mr. Heinze may opine as to whether Defendant

24

complied with industry standards on the issue of bad faith, but may not reach an actual legal conclusion regarding this issue. *Id*.

H. <u>Plaintiff's Motion in Limine No. 9</u>

Plaintiff's motion in limine no. 9 is GRANTED.

I. <u>Plaintiff's Motion in Limine No. 10</u>

Plaintiff's motion in limine no. 10 is GRANTED.

J. <u>Plaintiff's Motions in Limine Nos. 11-22</u>

Under the local rules, motions in limine are not to exceed 12 pages without leave of Court. *See* Local Rule CR 7(e)(4). Although Plaintiff's motion in limine is 18 pages, Plaintiff did not seek leave of Court to file an overlength brief. Therefore, pages 13-18 of Plaintiff's motion (i.e., motions in limine Nos. 11- 22) are STRICKEN. Plaintiff is not significantly prejudiced by this ruling because it will be free to raise objections regarding the substance of these motions if and when they arise during trial. In addition, the parties have indicated to the Court that there are no objections to several of these motions.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion in limine, Dkt. # 190, is GRANTED IN PART and DENIED IN PART.

Dated this 26th day of January 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE